[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13006
Non-Argument Calendar

_____

D. C. Docket No. 05-60792-CV-WJZ

KARYN WOOD,

Plaintiff-Appellant,

versus

K-MART CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 9, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Karyn Wood filed a complaint against her employer, K-Mart, pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a) and the Florida Civil Rights Act, Fla.Stat. § 760.01, alleging gender discrimination, sexual harassment and retaliation. Wood's complaint alleges that she was terminated from her position as a loss prevention manager at K-Mart Corporation because she violated K-Mart's loss prevention policy when she apprehended a suspected shoplifter. Wood alleges that the real reason for her termination is because of her gender, and because she previously complained about sexual harassment on the job. The district court granted summary judgment on Wood's claims because she could not make out a prima facie case for any of them. As to the retaliation claim, the district court found that even if Wood were able to establish a prima facie case, she had no evidence to show that K-Mart's legitimate reasons for its employment actions were pretextual. Having considered the briefs and record, we agree with the district court.[1]

We review a district court's grant of summary judgment de novo, viewing all of the evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002) (per curiam). A party moving for summary judgment has the burden of showing that

---

[1]The sexual harassment, or hostile work environment claim, was not raised on appeal and is therefore deemed abandoned. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

2

there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). "A genuine factual dispute exists if the jury could return a verdict for the non-moving party." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

In order to establish a prima facie case of disparate treatment based on gender discrimination, a plaintiff must show four things: (1) that she is a member of a protected class; (2) that she was qualified for her job; (3) that she suffered an adverse employment action; and (4) that her employer treated similarly situated employees who are not members of the protected class more favorably. *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000). Wood's gender discrimination fails because she is unable to satisfy the fourth prong of a prima facie case. Specifically, the two men named by Wood who allegedly violated K-Mart's loss prevention apprehension policy without losing their jobs were not similarly situated because neither of them engaged in conduct that was sufficiently similar to her own. As we have said, "[i]n determining whether

3

employees are similarly situated for purposes of establishing a *prima facie* case "the quantity and quality of the comparator's conduct [must] be nearly identical" to that of the plaintiffs. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). Therefore, the district court did not commit error in granting summary judgment to K-Mart on Wood's gender discrimination claim.

We also find no error in the district court's ruling on the retaliation claim. Wood failed to establish that K-Mart's proffered reason for her termination, that she failed to comply with established procedures for making a shoplifter detention, was false, or that even if mistaken, the true reason was gender-related. Although Wood concedes that she violated company policy, she does not come forward with enough evidence to show that the policy was selectively enforced. Neither of the male employees Wood pointed to as having engaged in similar conduct violated the policy in such a way as to be similarly situated to her, such that failure to terminate them establishes a genuine issue of material fact as to whether K-Mart's reason for terminating Wood was a pretext for retaliation. Therefore, the district court did not err in granting K-Mart's motion for summary judgment as to Wood's retaliation claim.

**AFFIRMED.**